**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BARBARA HILDENBRAND,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:08-CV-2228-N** |
| | § | **(3:04-CR-318-N(01))** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.

Parties: Petitioner Barbara Hildenbrand ("Hildenbrand") is presently confined within the Bureau of Prisons. She is represented by retained counsel. The court issued process in this case.

Statement of the Case: Hildenbrand pleaded guilty to two counts (of a 36-count indictment) of defrauding the Department of Housing and Urban Development (HUD) and aiding and abetting in violation of 18 U.S.C. §§ 1012 and 2. On February 1, 2007, the district court sentenced her to twelve months imprisonment on each count, to run consecutively, for a total sentence of twenty-four months, restitution in the amount of $672,221.00 to be paid jointly and severally with co-defendant and husband Gerald Stone, and a one-year term of supervised release. The Fifth Circuit Court of Appeals affirmed her conviction on direct appeal. *United*

*States v. Hildenbrand*, 527 F.3d 466  (5th Cir. 2008), *cert. denied*, 129 S. Ct. 437 (2008).

On December 17, 2008, Hildenbrand timely filed this § 2255 motion, challenging her conviction and sentence.  In five grounds, she alleges (1) counsel rendered ineffective assistance during the plea process, (2) the district court violated due process at sentencing; (3) the district court lacked subject matter jurisdiction over her crimes, (4) the government's admission in the Pre-Sentence Report (PSR) establish that the underlying offense did not occur, and (5) all payments in the normal course of business are exempt from prosecution.

In response to the court's order to show cause, the government filed a response, to which Petitioner filed a reply.  Petitioner has also filed a motion for summary judgment reiterating her jurisdictional claims.[1]

Findings and Conclusions:  Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his/her conviction only on constitutional or jurisdictional grounds.

## I.

Hildenbrand's pleadings place particular emphasis on her "jurisdictional" claim (ground three), which the court will address first.  A voluntary and knowing plea of guilty waives all non-

---

[1]    During the guilty plea proceedings, Hildenbrand was represented by Attorney Frank Jackson.  In January 2006, about six months after entry of the plea, Andrea Nation entered an appearance as co-counsel for Hildenbrand, and John D. Nation entered an appearance as co-counsel for co-defendant Stone.  Andrea and John Nation continued to represent Hildebrand and Stone during sentencing and on direct appeal.  In the present § 2255 motion, Hildenbrand is represented by John Nation.

2

jurisdictional defects – including errors in charging procedure. *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). However, entry of a guilty plea does not waive jurisdictional defects.

Relying on *United States v. Meachum*, 626 F.2d 503, 509-10 (5th Cir. 1980), Hildenbrand embarks on a lengthy, tedious, yet at times fantastic exposition of why the trial court lacked subject matter jurisdiction, ultimately requiring that her plea be vacated. This is not the first time that she has raised such a challenge. Hildenbrand initially argued this claim in her objection to the PSR (Doc. #144) and in her October 24, 2006 motion to dismiss due to an insufficient factual basis for her plea of guilty (Doc. # 97). The trial court denied Hildebrand's motion to dismiss and overruled her objection to the PSR, concluding that the factual resume satisfied each element of the charged offense. On direct appeal, the Fifth Circuit rejected her renewed argument that there was an insufficient factual basis for her plea, specifically, that the discounted home prices Community Housing Fund (CHF) received from HUD through Single Family Affordable Housing Program (SFAHP) did not qualify as "compensation, rebate, or reward." *United States v. Hildenbrand*, 527 F.3d 466, 476 (5th Cir. 2008). The Court concluded that "a 'discount' is clearly encompassed within the ordinary, common-sense meaning of the term ' reward,'" which "is broad enough to contemplate more than a direct payment to the recipient." *Id.* Relying on Webster's definition of reward, the Fifth Circuit added that it "ha[d] no difficulty concluding that a 30% discount offered on a home purchase price in exchange for nonprofit organizations participating in the SFAHP falls within the reach of the broad phrase 'something given' in exchange for 'some service.'" *Id.* The court reached the same conclusion with respect to the term "benefit" under 18 U.S.C. § 666 relating to the conviction of co-defendant Stone. *See Id.* at 477-78.

After affirmance of her conviction, Hildebrand and co-defendant Stone filed a joint, *pro se* motion to dismiss counts 1-33 of the indictment, formulating all claims in terms of a jurisdictional challenge. (Doc. # 185). Specifically, they argued that the indictment did not allege the essential elements of "federal funding" and receipt of "federal funds."

In denying the motion during a status conference hearing, the district court stated as follows:

> If you want to challenge the basis of the conviction, I think a 2255 motion is the appropriate or the appropriate procedure. But in terms of a direct challenge to the plea agreement and the convictions and the sentence in this case after they have been affirmed on appeal, I'm not going to get into that.

(Transcript of Nov. 18, 2008 Status Hearing (Doc. #189) at 11). The court also stated:

> The plea agreement is what it is and it was affirmed on appeal. And post appeal motions in this proceeding I don't think are an appropriate vehicle to challenge it. And as I've indicated that's - - that's my ruling.

(*Id.* at 11-12). An appeal from the denial of the above post-judgment motion is presently pending before the Fifth Circuit Court of Appeals. *See United States v. Stone and Hildenbrand*, Nos. 08-11179, 08-11181 through 11182.

In her § 2255 motion, Hildenbrand reiterates that an expenditure of federal funds under the Spending Clause in the form of a "compensation, rebate, or reward" is required to reach an unlawful activity under 18 U.S.C. § 1012. Without any expenditure of federal funds, she argues the indictment fails to allege an offense under § 1012 and, thus, invoke the subject matter jurisdiction of the court. Specifically she contends that the discounted home prices CHF received from HUD through the SFAHP do not qualify as "compensation, rebate or reward."

18 U.S.C. § 1012 provides, in pertinent part, that "[w]hoever receives any *compensation, rebate, or reward*, with intent to defraud [HUD] or with intent unlawfully to defeat its purpose . .

. shall be fined under this title or imprisoned no more than one year, or both."  (Emphasis added).

Hildenbrand's jurisdictional challenge is nothing more than an attempt to revisit issues which the Fifth Circuit addressed and rejected on direct appeal with respect to the factual basis of her plea.  As summarized above, the Fifth Circuit concluded on direct appeal that the discounted home prices which CHF, and in turn Hildenbrand, received from HUD qualified as a "reward," which is broadly defined to include "'something given' in exchange for 'some service,'" much more than merely receiving a payment.  Nothing in this § 2255 motion persuades the undersigned that the district court lacked subject matter jurisdiction over her offenses.  In addition, to the extent she is dissatisfied with her plea agreement, her claim is of no moment here.  The Fifth Circuit affirmed the factual basis for her plea on direct appeal.  Accordingly, Hildenbrand's jurisdictional claim lacks merit and should be denied.

## II.

The court turns next to Hildenbrand's contention that counsel rendered ineffective assistance (first ground).  She alleges counsel failed to interview fact witnesses and examine fact issues, failed to speak or interview expert witness and to seek information from HUD, and failed to recognize that the prosecution's threat of a more serious punishment was illusory.[2]

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, Hildenbrand may raise an ineffective assistance claim to the extent that it affected the voluntariness of her plea.  *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been

---

[2]    The court notes that, while the plea agreement waived the right to file a § 2255 motion, Hildenbrand reserved the right "to bring a claim of ineffective assistance of counsel." (Plea Agreement, Doc. #39, at ¶ 11).

entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the

waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged

ineffectiveness relates to the voluntariness of the giving of the guilty plea.")).  To establish

ineffective assistance of counsel, Hildenbrand must demonstrate (1) that counsel's performance

was deficient, and (2) that there is a reasonable probability that, but for counsel's errors,

defendant would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*,

474 U.S. 52, 57-59, 106 S.Ct. 366 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104

S. Ct. 2052 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir.

1996).  A court need not address both components of this inquiry if the defendant makes an

insufficient showing on one.  *Strickland*, 466 U.S. at 697.

At the outset the court notes that Petitioner's ineffective assistance of counsel's claims

are conclusory and, therefore, fail on their face to present cognizable grounds for habeas relief

under § 2255.  Conclusory allegations, whether made by a *pro se* litigant or by counsel, are

clearly insufficient to raise cognizable claims of ineffective assistance of counsel.  *Miller v.

Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th

Cir. 1983)); *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements

regarding government conspiracy were insufficient to state a constitutional claim in a § 2255

proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (citing *Ross*)

(conclusory allegations cannot serve as the basis for a claim of ineffective assistance of

counsel).

Alternatively, Petitioner's claims should be rejected because Hildenbrand cannot

establish the prejudice prong.  In the first ten claims Hildenbrand contends that counsel should

have interviewed fact and expert witnesses, examined fact issues, and sought information from

6

HUD.

The record clearly demonstrates the absence of any basis to interview fact and expert witnesses, or seek further information.  None of the testimony or information which Hildenbrand contends her attorney should have sought contradicts her admissions in the factual resume.  At her re-arraignment before Magistrate Judge Irma C. Ramirez, Hildenbrand confirmed under oath the accuracy of the factual resume which she had previously signed.  *See* Re-arraignment transcript (Doc. #138) at 16.  In pertinent part the factual resume stated that Hildenbrand, through CHF, received discounts for the purchase of two houses from HUD with the intent to defraud HUD, and that she committed such fraud by paying Gerald Stone, through Ranscott Construction, Inc. (RCI), for repair work that was not in fact performed.  *See* Factual Resume at 2-6 (Docket # 40 in 3:04cr318-H(01)).

"Ordinarily a defendant will not be heard to refute [her] testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'  *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The instances of ineffective assistance of counsel asserted in the § 2255 motion are in direct contradiction to the facts which Hildenbrand admitted under oath at her re-arraignment. Clearly counsel had not reason to interview witnesses or seek further information that was contrary to his client's own statements under oath.

The last claim of ineffective assistance relates to counsel's failure to recognize that the prosecution's threat of a more serious punishment was illusory.  This claim is likewise foreclosed by Hildenbrand's testimony at the re-arraignment hearing wherein she specifically

denied that anyone had forced her to plead guilty as a result "of any promise, pressures, threats or coercion of any kind," and in which she conceded committing each offense. *See* Re-arraignment Tr. at 10-11. As noted above, Hildenbrand's sworn testimony carries a strong presumption of veracity in a subsequent federal habeas proceeding. In addition, it is well established that a guilty plea is not rendered invalid merely because it is motivated by fear of greater punishment. *United States v. Araiza*, 693 F.2d 382, 384-385 (5th Cir. 1982) (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S. Ct. 663 (1978); *Flores v. Estelle,* 578 F.2d 80, 85 (5th Cir. 1978)).

III.

Petitioner's remaining claims fare no better. In her second ground, Hildenbrand argues the sentencing court did not comply with *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), because it mentioned the 18 U.S.C. § 3553(a) factors only twice.

Misapplication of the Sentencing Guidelines does not give rise to a constitutional issue cognizable under § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994) ("Relief under § 2255 is reserved for (1) errors of constitutional dimension and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice."). Therefore, Hildenbrand's second ground is not cognizable in this § 2255 proceeding.

In the fourth ground, Hildenbrand contends that her conviction should be set aside because "the government has admitted that the crime on which [she] was indicted and to which she pled guilty did not happen, creating actual innocence." (§ 2255 Motion at 70). This argument is premised on the government's purported admission in paragraph 27 of the PSR,

which reads as follows:

> The low income families, the prospective purchasers of the HUD homes, could be considered victims because, by the defendants increasing the costs associated with the rehabilitation of the houses, through improper payments to RCI, Hildenbrand and Stone increased the ultimate price of the residences, making them less affordable to the low income purchasers of the residences, the intended beneficiaries of the program.  However, there are no identified victims and/or losses under this hypothesis.

(PSR ¶ 27).

Hildenbrand's reliance on ¶ 27 of the PSR is taken out of context.  The PSR ultimately concludes in ¶ 30 that the victim was HUD, which after discovering the offense, discontinued CHF from its SFAHP.  *See* PSR ¶ 30.  Accordingly, ground four is patently frivolous and should be denied.

Likewise ground five is frivolous.  Hildenbrand argues that "[a]ll payments in the normal course of business are exempt from prosecution under 18 U.S.C. § 666(c)" because Defendant Stone is still owed money for work authorized and completed.  This claim is conclusory at best.  Hildenbrand neither cites case authority nor explains how her claim rises to a constitutional violation.

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner Barbara Hildenbrand's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DENIED.

It is further recommended that Petitioner's motions for release pending determination of § 2255 motion and for summary judgment (Doc. # 3 and #8)  be DENIED as moot.

A copy of this recommendation will be transmitted to counsel for Petitioner and counsel for the Government.

Signed this 25th day of August, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.